**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000702
17-FEB-2026
08:10 AM
Dkt. 59 SO**

NO. CAAP-23-0000702

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

D.S., Petitioner-Appellant, v.
W.G., Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FDA-23-0001036)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Petitioner-Appellant DS (**DS**) appeals from the Family Court of the Third Circuit's (**Family Court**)[1] October 30, 2023 order denying DS's Petition for an Order for Protection on Behalf of Family or Household Members [(**Petition for Protection**)] (**Order Denying Petition**) entered in favor of Respondent-Appellee WG (**WG**).

DS raises four points of error, contending that the Family Court erred in denying the Petition for Protection because: (1) the Family Court failed to construe the *pro se* Petition for Protection liberally to facilitate access to justice; (2) the Petition for Protection complies with the factual and statutory requirements of Hawaii Revised Statutes (**HRS**) chapter 586; (3) *res judicata* was not applicable because

---

[1] The Honorable Jeffrey W. Ng presided.

the allegations stated in the Petition for Protection clearly reference acts of harassment, stalking, and coercive control that occurred in 2023; and (4) no good cause was shown to justify denying the Petition for Protection.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve DS's points of error as follows:

(1)  DS argues that the Family Court failed to construe her *pro se* petition liberally.  However, DS does not point to anything in the record to support this particular contention. While the Family Court may have misapprehended, in part, DS's rationale for reciting allegations of past abuse, which were addressed in a prior proceeding, it appears that the Family Court recognized DS's arguments that there were abusive incidents in 2023, as the court concluded that "[a]llegations do not establish a basis for relief under H.R.S. Chapter 586 and issues were litigated in 3DA221000050"  (emphasis added).  Accordingly, we conclude that the first point of error is without merit.

(2-4)  DS argues that the Petition for Protection satisfied the factual and legal requirements of HRS chapter 586 (2018; Supp. 2021).  HRS § 586-4 (2018) states, in pertinent part:

> **§ 586-4  Temporary restraining order.** (a) Upon petition to a family court judge, an ex parte temporary restraining order may be granted without notice to restrain either or both parties from contacting, threatening, or physically abusing each other, notwithstanding that a complaint for annulment, divorce, or separation has not been filed[.]
>
> . . . .
>
> (c)   The family court judge may issue the ex parte temporary restraining order orally, if the person being

2

restrained is present in court.  The order shall state that there is probable cause to believe that a past act or acts of abuse have occurred, or that threats of abuse make it probable that acts of abuse may be imminent.  The order further shall state that the temporary restraining order is necessary for the purposes of:  preventing acts of abuse or preventing a recurrence of actual domestic abuse and ensuring a period of separation of the parties involved. The order shall also describe in reasonable detail the act or acts sought to be restrained.  Where necessary, the order may require either or both of the parties involved to leave the premises during the period of the order; may also restrain the party or parties to whom it is directed from contacting, threatening, or physically abusing the applicant's family or household members; and may enjoin or restrain both parties from taking, concealing, removing, threatening, physically abusing, or otherwise disposing of any animal identified to the court as belonging to a household, until further order of the court.  The order shall not only be binding upon the parties to the action, but also upon their officers, agents, servants, employees, attorneys, or any other persons in active concert or participation with them. . . .

Relevant definitions related to abuse under HRS chapter 586 include the following:

§ **586-1 Definitions**.  As used in this chapter:

"Coercive control" means a pattern of threatening, humiliating, or intimidating actions, which may include assaults, or other abuse that is used to harm, punish, or frighten an individual.  "Coercive control" includes a pattern of behavior that seeks to take away the individual's liberty or freedom and strip away the individual's sense of self, including bodily integrity and human rights, whereby the "coercive control" is designed to make an individual dependent by isolating them from support, exploiting them, depriving them of independence, and regulating their everyday behavior including:

(1) Isolating the individual from friends and family;

(2) Controlling how much money is accessible to the individual and how it is spent;

(3) Monitoring the individual's activities, communications, and movements;

(4) Name-calling, degradation, and demeaning the individual frequently;

(5) Threatening to harm or kill the individual or a child or relative of the individual;

(6) Threatening to publish information or make reports to the police or the authorities;

(7) Damaging property or household goods; and

(8) Forcing the individual to take part in criminal activity or child abuse.

. . . .

"Domestic abuse" means:

(1)     Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse, coercive control, or malicious property damage between family or household members; or

(2)     Any act which would constitute an offense under section 709-906, or under part V or VI of chapter 707 committed against a minor family or household member by an adult family or household member.

"Extreme psychological abuse" means an intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer extreme emotional distress.

Here, on the court-approved form for a "Petition for an Order for Protection on Behalf of Family or Household Members," DS stated that an act of abuse occurred on October 26, 2023; she indicated "extreme psychological abuse" (only) as the form of abuse, but said "please see attached statement."

In the attached statement, there is no alleged abuse that occurred on October 26, 2023.  However, in addition to reciting past allegations that were the subject of a prior proceeding, DS alleged that on September 16, 2023, "[WG's] friend approached [Daughter] directly on the street with messages from her father making her so terrified, she is too scared to go out on the public street[!]"  The contents of the alleged messages are not stated.  DS also alleged that WG sent family friend Saci a text message on September 1, 2023, in which WG allegedly became angry with Saci, and asked if she had seen DS and Daughter and expressed that he (WG) wanted to find them.  Additionally, DS alleged that on September 5, 2023, Hilo police contacted her and said WG had made out a welfare check to her; that same day, WG allegedly called a café and another store allegedly looking for

4

DS and Daughter. Aside from the above, and an allegation that the parties's daughter witnessed a sexual assault by WG (which was the subject of prior proceedings in 3DA221000050),[2] DS alleges no specific act or conduct by WG, and instead details the extent of Daughter's alleged fear, diagnoses, anxiety, and concomitant medical conditions.

To the extent that the Family Court denied relief based on allegations that the parties' daughter witnessed a sexual assault by WG, the Family Court did not err in concluding that further litigation of those issues was foreclosed because they were previously litigated in 3DA221000050. Relitigation of those issues is barred by principles of *res judicata* because they were raised and ruled on in 3DA221000050. See, e.g., Smallwood v. City & Cnty. of Honolulu, 118 Hawaiʻi 139, 146-47, 185 P.3d 887, 894-95 (App. 2008) (explaining *res judicata*).

To the extent that the Family Court denied relief based on "new" allegations – those grounded in alleged acts or conduct occurring in 2023 – we conclude that the Family Court did not abuse its discretion in denying the Petition for Protection. Even assuming the truth of the factual allegations stated in the Petition for Protection, we cannot conclude that the Family Court erred or abused its discretion in concluding that WG's alleged inquiries concerning his ex-wife and daughter, and/or the incident of messaging through a third party, constituted extreme

---

[2] This court takes judicial notice of the proceedings in 3DA221000050 wherein, after an evidentiary hearing, a family court dissolved a temporary restraining order and denied a petition for order of protection, which was based on allegations that the parties' daughter witnessed a sexual assault of another child by WG. The family court's ruling in 3DA221000050 was affirmed by this court in CAAP-22-0000507; DS's petition for writ of certiorari was rejected.

psychological abuse to the daughter, or an alternative form of abuse, under HRS chapter 586.

Accordingly, the Family Court's October 30, 2023 Order Denying Petition is affirmed.[3]

DATED:  Honolulu, Hawaiʻi, February 17, 2026.

| On the briefs: | /s/ Karen T. Nakasone |
| | Chief Judge |
| Jamae K.K. Kawauchi | |
| (Jamae K.K. Kawauchi AAL LLC), | /s/ Katherine G. Leonard |
| for Petitioner-Appellant. | Associate Judge |
| | |
| Jo Kim, | /s/ Clyde J. Wadsworth |
| for Respondent-Appellee. | Associate Judge |

---

[3]     We note that DS filed a motion for reconsideration of the Order Denying Petition, which was also denied.  Although that motion is mentioned in briefing, DS raises no point of error and makes no discernible argument that the Family Court abused its discretion in denying the motion for reconsideration.